**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MARCUS SHELTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:23-cv-01046 |
| JEFFERSON CAPITAL SYSTEMS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW comes MARCUS SHELTON ("Plaintiff"), by and through the undersigned, complaining as to the conduct of JEFFERSON CAPITAL SYSTEMS, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Texas.

## PARTIES

4. Plaintiff is a 38 year old natural person residing in Farmersville, Texas, which lies within the Eastern District of Texas.

5. Defendant is "an established Debt Buyer and Debt Collector."[1] Defendant is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 200 14th Avenue East, Sartell, Minnesota 56377.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding debt ("subject debt") which Defendant represented as being owed by Plaintiff.

8. The subject debt stems from a purported Affirm CyberPowerPC account Plaintiff was said to have incurred for his personal purposes.

9. CyberPowerPC is a personal computer retailer specializing in building and selling desktop computer systems geared towards electronic or video gaming.

10. Affirm is a financial technology company offering a 'buy now, pay later' service in which consumers may agree to make monthly payments over time rather than pay for an item all at once.

---

[1] https://www.myjcap.com/question/list

11. Prior to September 2022, Plaintiff used Affirm's service to order a CyberPowerPC unit, intending to make monthly payments on the subject debt.

12. Due to unforeseen financial hardship and circumstances outside of Plaintiff's control, he fell behind on his Affirm payments.

13. Upon information and belief, Affirm subsequently placed the subject debt with Compass Recovery Group, a collections agency, for collection purposes.

14. On or about September 30, 2022, Plaintiff entered a settlement agreement with Compass Recovery Group and YouNegotiate, a debt resolution service, in the amount of $633.68 as a means of clearing Plaintiff's remaining liability on the subject debt.

15. Upon information and belief, shortly thereafter Defendant erroneously purchased the settled subject debt as part of a larger portfolio of delinquent accounts.

16. On or about December 22, 2022, Defendant began reporting the settled subject debt on Plaintiff's credit reports, incorrectly alleging that Plaintiff owed a further $845 of open balance on the settled debt.

17. Sometime in March 2023, Plaintiff contacted Defendant and disputed their report with evidence of the prior settlement, showing that the debt was no longer owed. Defendant's representatives informed Plaintiff that they would investigate the matter. No further communication regarding this purported investigation has been received by Plaintiff.

18. On or about October 13, 2023, Defendant sent Plaintiff a collection letter regarding the settled subject debt.

19. This collection letter represented that Jefferson was the current creditor of the subject debt, that Jefferson had purchased the subject debt, and that the balance of the subject debt was $845.89.

20. Confused and frustrated with Defendant's collection efforts and unwillingness to investigate his dispute as promised, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to defamation of character, being painted in a false light, having false and misleading information disclosed to third parties, invasion of privacy, emotional distress with physical manifestations thereof, diminished credit score and capacity, and numerous violations of his state and federally protected interests to be free from deceptive and erroneous collection efforts on the part of debt collectors.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a(6), because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because they regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA § 1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

27. Defendant violated § 1692d through its attempts to collect a debt from Plaintiff which Plaintiff does not owe. Representing to Plaintiff that he owed a debt which he had already paid off and further attempting to collect such debt from Plaintiff is conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff.

    b. **Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10)

30. Defendant violated 15 U.S.C. §§ 1692e, e(2), and e(10) through its attempts to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, when he had already settled it months prior. Additionally, it was generally false, deceptive, and misleading for Defendant to attempt to collect upon a debt for which Plaintiff had no remaining underlying obligation.

31. Defendant further violated § 1692e(10) through its suggestion that it would make efforts to investigate Plaintiff's evidence of his settlement with Compass Recovery Group and YouNegotiate. The fact that Defendant never followed up on the investigation after more than six months and instead sent further collection letters to Plaintiff shows a lack of intent on Defendant's part to follow through on promises it made to Plaintiff. By making false representations to Plaintiff

regarding actions Defendant never intended to take, Defendant deceived Plaintiff into thinking it would help him resolve the matter.

  c. **Violations of FDCPA § 1692f**

32. The FDCPA pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits the collection of "any amount not authorized by the agreement creating the debt or permitted by law."

33. Defendant violated §§1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by representing to Plaintiff that he still owed the subject debt, when in reality he did not. It is undoubtedly unfair and unconscionable for debt collectors like Defendant to attempt to extract further payment from Plaintiff even though Plaintiff had no remaining obligation on the debt upon which Defendant sought collection.

WHEREFORE, Plaintiff, MARCUS SHELTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

 a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

 b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

 c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

 d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

 e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. Defendant is a "debt collector[s]" and "third party debt collector[s]" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

37. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an alleged obligation arising from a transaction for personal, family, or household purposes.

    a.  **Violations of TDCA § 392.304**

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

39. Defendant violated the above referenced provisions of the TDCA when it attempted to collect upon a debt which Plaintiff does not owe. Through its conduct, Defendant misrepresented the character, extent, and amount of Plaintiff's purported obligation on the subject debt by representing Plaintiff still owed the subject debt, and further deceptively attempted to collect more payment from Plaintiff even though he had no underlying obligation, having advised Defendant as such. Such conduct similarly constitutes the utilization of false representations and deceptive means in order to collect a debt.

40. Defendant further violated Tex. Fin. Code Ann. § 392.304(19) through its false, deceptive, and misleading representations as to its ability to collect the subject debt even though Plaintiff had submitted evidence of a settlement. Defendant's conduct is in violation of the TDCA in much the same way its conduct violated the FDCPA.

WHEREFORE, Plaintiff, MARCUS SHELTON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 28, 2023                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)        s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103            Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff                       Counsel for Plaintiff
Admitted in the Eastern District of Texas   Admitted in the Eastern District of Texas
Sulaiman Law Group, Ltd.                    Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                     Lombard, Illinois 60148
(630) 568-3056 (phone)                      (331) 307-7648 (phone)
(630) 575-8188 (fax)                        (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                    ecoleman@sulaimanlaw.com